

**Jeffrey R. Maguire**, Esq., Partner    o: (212) 939-7229    f: (212) 531-6129
a: 445 Hamilton Avenue, Suite 1500, White Plains, NY 10601
e: jmaguire@stevensonmarino.com

January 8, 2025

<u>Via ECF</u>
The Honorable Vernon S. Broderick
United States District Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Sharma v. Eyebrows on 125th Inc. et al.*
               <u>Docket No.: 23-cv-10309-VSB</u>

Dear Judge Broderick:

      This firm represents Plaintiff Binita Sharma in the above-referenced action involving Plaintiff's wage claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Eyebrows on 125th Inc., and Samira Nak (collectively as "Defendants," and together with Plaintiff as "the Parties"). We submit this letter, on behalf of the Parties, to respectfully request that the Court review and approve the Parties' settlement of Plaintiff's claims as fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). A copy of the Parties' fully-executed settlement agreement is attached hereto as **Exhibit 1.**

**I.**    <u>**RELEVANT PRELIMINARY STATEMENT**</u>

      On November 24, 2023, Plaintiff filed this action against Defendants. *See* Dkt. No. 1. On April 26, 2024, Defendants filed their Answer. *See* Dkt. No. 15. On July 24, 2024, the parties participated in a private mediation with a member of the Southern District of New York's mediation program. While the mediation was not successful, progress towards resolution was made.

      On August 20, 2024, the Parties exchanged discovery requests. Subsequently, during discussions concerning discovery, the Parties resumed settlement discussions. On October 25, 2024, the Parties reached a settlement in principle.

The Honorable Vernon S. Broderick
January 7, 2025
Page 2 of 5

As a result, the Parties agreed to settle the matter for $27,500.00. Additionally, Plaintiff's counsel respectfully submits an application for one-third of the total settlement amount plus litigation expenses as attorneys' fees. Plaintiff's counsel incurred $579.50 in litigation expenses and seeks $9,166.67 in attorneys' fees.

For the following reasons, the Court should approve the Parties' settlement of Plaintiff's FLSA claims as fair and reasonable.

## II.     THE AGREEMENT IS FAIR AND REASONABLE

FLSA claims may be settled and dismissed with prejudice under Rule 41 if such settlement is approved by the Court. *Cheeks*, 796 F.3d at 206-07. Courts approve FLSA settlements "when they are reached as a result of contested litigation to resolve bona fide disputes." *Flores v. Hill Country Chicken NY, LLC*, 2018 WL 2389076, at *2 (S.D.N.Y. May 25, 2018) (citing *Johnson v. Brennan*, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Chowdhury v. Brioni Am., Inc.*, 2017 WL 5953171, at *2 (S.D.N.Y. Nov. 29, 2017) (citing *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013)). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.*.

In evaluating a proposed settlement of FLSA claims, most courts in this Circuit apply the five-factor test articulated in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The *Wolinsky* factors consider: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Id*.

A. Range of Possible Recovery

In her Complaint, Plaintiff alleged that for the entirety of her employment, she worked for Defendants as an esthetician for Defendants' beauty services salon located at 353 W. 125th Street, New York, New York 10027. Plaintiff alleged that she worked from May 2022 to September 1, 2023. Plaintiff alleged that throughout her employment, she routinely worked five days per week, Wednesday through Sunday, starting her workday at 10:00 a.m. and working until 8:00 p.m., without an uninterrupted meal break. Thus, Plaintiff alleged that for the duration of her employment, she worked approximately fifty hours per week.

The Honorable Vernon S. Broderick
January 7, 2025
Page 3 of 5

      For her work, Plaintiff alleged that Defendants paid her $500.00 per hour, but failed to pay her one and one-half her hourly rate for all hours that she worked over forty in a workweek in violation of the FLSA and the NYLL. Plaintiff also alleges that Defendants violated the NYLL's minimum wage provisions, and failed to provide her with a wage notice at hire or wage statements on each payday, as required under the NYLL.

      In response, Defendants contended that Plaintiff did not work more than forty hours in a workweek, and that Plaintiff was paid tips in addition to her hourly wage, which resulted in Plaintiff being paid for all hours worked during her employment.

      Plaintiff calculated her overtime damages to $13,467.86, which assumes 60 weeks worked that Plaintiff failed to receive one and one-half the minimum wage. Plaintiff calculated her NYLL minimum wage damages to be $5,985.71. In total, Plaintiff's best day was calculated to be $19,453.57 in actual damages under the FLSA and the NYLL, with liquidated damages equivalent to the actual damages. In sum, Plaintiff's best day was calculated to be $48,907.14. A copy of the damage calculations is attached as **Exhibit 2**.

      According to these damages, Plaintiff's recovery of $27,500.00 represents approximately 56.2% of Plaintiff's maximum recovery of her damages, including liquidated damages. Courts have found that settlements exceeding 25% of maximum possible recovery to be reasonable, highlighting the fairness of this agreement under *Cheeks*. *See Lesser v. TIAA Bank, FSB*, 2020 WL 6151317, at *2 (S.D.N.Y. Oct. 20, 2020); *Gervacio v. ARJ Laundry Servs. Inc.*, 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (finding twenty percent of maximum recovery reasonable in light of circumstances).

      Due to the calculation of Plaintiff's damages, in consideration of her best possible day based upon her allegations of hours worked, the Parties submit that this agreement is both fair and reasonable.

      B.  *Avoidance of Burdens, Expenses, and Litigation Risks*

      Further, settling at this stage "avoids the risks and burdens of litigation . . . as well as the costs, uncertainties, and delays inherent in litigation of this nature." *See Lesser*, 2020 WL 6151317, at *2. Indeed, were a settlement not reached at this stage, the Parties would have then proceeded with litigation. Should that have happened, Plaintiff would have faced the risk of: (1) Defendants being unable to withstand the judgment; and (2) Plaintiff not being able to establish enterprise liability. Indeed, Defendants provided financials for the mediation and both risks encouraged settlement.

      Following litigation, the parties would most likely engage in motion practice, and then would likely proceed to a trial in this matter, followed by post-trial motions and a potential appeal. Inevitably, this would result in a delayed resolution of Plaintiff's claims at an even greater expense,

The Honorable Vernon S. Broderick
January 7, 2025
Page 4 of 5

potentially leaving her with only a judgment to attempt to collect upon. This settlement eliminates all of those burdens, costs, and risks, which in totality weighs in favor of approval of the settlement.

    *C.  Arms-Length Bargaining, No Fraud or Collusion, No Cheeks Admonitions*

As detailed herein, this settlement was reached before motion practice and trial. Both sides realized that continued litigation would not be in the best interests of any party involved, and as a result of that recognition, the negotiations were aggressively pursued on both sides to come to a fair and reasonable compromise. Indeed, the fact that the parties' settlement was reached through the assistance of an experienced mediator strongly indicates a fair and reasonable settlement.

Furthermore, the parties' agreement does not contain a confidentiality clause, a general release, or an overly broad non-disparagement clause. *See Ream v. Berry-Hill Galleries, Inc.*, 2020 WL 8514826, at *2-3 (S.D.N.Y. Dec. 4, 2020) (citing *Lopez v. Nights of Cabiria, LLC*, 2015 WL 1455689, at *5 (S.D.N.Y. 2015)). Plaintiff also requests that the Court retain jurisdiction over this matter for the sole purpose of enforcing the terms of the settlement agreement and entering judgment in accordance therewith should it become necessary.

**III.   ATTORNEYS FEES AND COSTS ARE ALSO REASONABLE**

In addition to assessing the reasonableness of the settlement award, most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." *Thallapaka v. Sheridan Hotel Assocs. LLC*, 2015 WL 5148867, at *2 (S.D.N.Y. Aug. 17, 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336). Attorneys' fees in FLSA settlements are examined "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing *Wolinsky*, 900 F. Supp. 2d at 336).

Here, Plaintiff's counsel's request that the Court approve fees of one-third of the net settlement is "consistent with the trend in this Circuit." *Kochilas v. Nat'l Merchant Servs., Inc.*, 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); *Tiro v. Public House Investments, LLC*, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases). Thus, a one-third recovery is appropriate in a case where, as here, Plaintiff's counsel's fee entitlement is entirely contingent upon success of a settlement or award. *See Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success"). Here, Plaintiff's counsel's requested fee of $9,166.67, or one-third of the settlement, is wholly reasonable and consistent with that law.

Moreover, the reasonableness of these fees is further solidified by applying the lodestar method as a cross check to ensure that counsel's fee award is not excessive in relation to the amount

The Honorable Vernon S. Broderick
January 7, 2025
Page 5 of 5

of work actually performed. *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 435 (S.D.N.Y. 2014) (citing *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)); Indeed, "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fee FLSA cases." *Sakiko Fujiwara*, 58 F. Supp. 3d at 439.

In order to conduct the lodestar crosscheck, Plaintiff's counsel multiplied the attorney hours spent on the case by the individuals' reasonable hourly rates. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007). Here, if Plaintiff's counsel were seeking fees pursuant to the lodestar, Jeffrey R. Maguire, a Partner at the Firm with sixteen years' experience would seek $400.00 per hour. "Courts within this District generally approve rates of $300-$400 per hour for partners in FLSA cases." *Mobley v. Five Gems Mgmt. Corp.*, 2018 WL 1684343, at *4, n.7 (S.D.N.Y. Apr. 6, 2018).

The Firm expended approximately 31.5 attorney hours and calculated its lodestar to be $12,600.00. Thus, the Firm's requested fee of $9,166.67 does not require a multiplier. Accordingly, Plaintiff's attorneys' fees are reasonable in light of the risk associated with a contingent fee FLSA case. Plaintiff's counsel's contemporaneous billing records are attached as **Exhibit 3**.

Lastly, with respect to expenses, the Firm is seeking reimbursement for $579.50 in out-of-pocket expenses, comprised of the filing fee, service, and postage. Plaintiff's counsel's expense statement is attached as **Exhibit 4**.

### IV.    CONCLUSION

In light of the foregoing, the Parties respectfully request that the Court approve their settlement of Plaintiff's FLSA claims, while retaining jurisdiction for the sole purpose of enforcing the Parties' agreement and entering judgment in the event of a breach in accordance with the agreement's terms. A proposed stipulation and order of dismissal are attached hereto as **Exhibit 5**.

Respectfully submitted,

Jeffrey R. Maguire
Stevenson Marino LLP