UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                          :

BINITA SHARMA, on behalf of herself and all   :
others similarly situated,                 :

                                           :

                          Plaintiff,     :
                                           :                        23-CV-10309 (VSB)
                 -against-            :

                                           :                    **OPINION & ORDER**

EYEBROWS ON 125TH, INC., and SAMIRA    :
NAK, individually,                    :

                                           :

                          Defendants.    :

                                           :
-------------------------------------------------------- X

Appearances:

Jeffrey R. Maguire
Stevenson Marino, LLP
White Plains, NY
*Counsel for Plaintiff*

Ira Levine
Massapequa, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On January 8, 2025, the parties filed a motion seeking approval of the settlement agreement

reached in this Fair Labor Standards Act ("FLSA") case. (Doc. 28 ("Motion" or "Mot."); *see also*

Doc. 28-1 ("Settlement Agreement").) Parties may not privately settle FLSA claims and stipulate to

the case's dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) without the approval

of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804,

807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In

the absence of Department of Labor approval, the parties must demonstrate to me that their

settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y.

2015) (internal quotation marks omitted).

1

Having reviewed the materials before me, I find that the Settlement Agreement is fair and reasonable. Therefore, the parties' joint motion seeking an order approving the Settlement Agreement is GRANTED. The action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a).

## I.    Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (alteration in original)). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

**II.     Discussion**

I have reviewed the Settlement Agreement, (Doc. 28-1), the parties' joint Motion in support of approval of the settlement, (Mot.), Plaintiff's damages calculation, (Doc. 28-2), and the records of Plaintiff's attorneys billing records and costs, (Doc. 28-3; Doc. 28-4), in order to determine whether the Settlement Agreement's terms are fair, reasonable, and adequate. I find that the Settlement Agreement's terms are fair, reasonable, and adequate, and I approve the Settlement Agreement.

**A.     *Settlement Amount***

I first consider the sum provided for in the Settlement Agreement. The Complaint asserts five claims:  (1) violation of the overtime provision of the FLSA, (Doc. 1 ("Compl.") ¶¶ 28–34); (2) violation of the overtime provision of the New York Labor Law ("NYLL"), (*id.* ¶¶ 35–40); (3) violation of the minimum wage provision of the NYLL, (*id.* ¶¶ 41–46); (4) violation of the wage statement requirements of the NYLL, (*id.* ¶¶ 47–50); and (5) violation of the wage notice requirements of the NYLL, (*id.* ¶¶ 51–54). "[P]arties seeking approval of a FLSA settlement must supply [a] calculation addressing all possible sources of a plaintiff's potential damages." *Leonardo v. Reza Fast Food, Inc.*, No. 20-CV-8879, 2022 WL 2440975, at *2 (S.D.N.Y. July 5, 2022) (collecting cases).

The settlement amount is $27,500. (Mot. 2; Settlement Agreement 2.) Plaintiff asserts that if she had prevailed on her claims, she would have received $13,467.86 in overtime damages and $5,985.71 in unpaid wages, and liquidated damages equivalent to the actual damages of

$19,453.57.[1]  (Mot. 3.)  Plaintiff alleges she worked approximately fifty hours per week from May 2022 to September 1, 2023.  (*Id.*)  Plaintiff claims entitlement to $10,000 as damages based on Defendants' violations of the NYLL's notice and recordkeeping requirements, (Doc. 28-2 at 2), which each have a statutory limit of $5,000 in damages.  N.Y. Lab. Law § 198.  Thus, if proven, Plaintiff's total damages award would be approximately $48,907.14, (*id.*; Mot. 3), which means that the total possible settlement award against which I should evaluate the Settlement Agreement is $48,907.14.

Under the Settlement Agreement, Plaintiff would receive $27,500, less $9,746.17 in attorneys' fees and costs, for an actual recovery of $17,753.84, (Settlement Agreement 2–4), or approximately 36% of her total possible recovery.  In this District, settlements of 12 to 13 percent of the total possible recovery are the low-end of what is considered reasonable in the context of a *Cheeks* review.  *See, e.g.*, *Cronk*, 538 F. Supp. 3d at 323 (collecting cases) (finding that a settlement representing roughly 13 percent of the possible recovery was at the low-end of reasonable).

The settlement amount is thus well within the range of reasonable recoveries, particularly given the litigation risks of this case.  Defendants assert that "Plaintiff did not work more than forty hours in a workweek, and that Plaintiff was paid tips in addition to her hourly wage, which resulted in Plaintiff being paid for all hours worked during her employment."  (Mot. 3.)  There are also issues regarding whether Plaintiff could establish enterprise liability and whether Defendants could withstand a greater judgment, which would complicate the process of Plaintiff collecting on any judgment she received.  (*Id.* at 3–4.)

---

[1] Liquidated damages are typically considered as part of the overall damages when evaluating a FLSA settlement.  *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 322 (S.D.N.Y. 2021) (considering "liquidated damages" in evaluating the "maximum possible recovery"); *Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (same).  "The amount of liquidated damages is equal to 100% of the amount owed to the Plaintiffs in unpaid wages, which includes unpaid minimum wage, unpaid overtime, and unpaid spread-of-hours." *Villanueva v. 179 Third Ave. Rest. Inc.*, 500 F. Supp. 3d 219, 239 (S.D.N.Y. 2020), *report and recommendation adopted*, 2021 WL 2139441 (S.D.N.Y. May 26, 2021).

Additionally, I find nothing in the record suggesting that the Settlement Agreement is tainted by fraud or collusion or that it is the product of anything less than arm's-length bargaining between experienced counsel.  (Mot. 4.)  Accordingly, the settlement amount is fair and reasonable given comparable cases in this District.

**B.     *Remaining Provisions***

I have reviewed the remainder of the Settlement Agreement, and I find the remaining provisions fair and reasonable.  For example, the Settlement Agreement does not include an overbroad release clause; Plaintiff's release is limited to FLSA, NYLL, or other applicable wage-related claims.  (Settlement Agreement 4.)  The Settlement Agreement contains no confidentiality provision or non-disparagement clause.  (*See* Mot. 4; *see generally* Settlement Agreement.)  This means that the Settlement Agreement does not raise the concern of a "highly restrictive confidentiality provisions," which would be "in strong tension with the remedial purposes of the FLSA."  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015).

**C.     *Attorneys' Fees***

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method.  *See McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  As a general matter, the "starting point" in determining reasonable attorneys' fees is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation "creates a 'presumptively reasonable fee'" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008))).  The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum*, 465 U.S. at 897, and must provide the court with sufficient information to assess the fee application, *see N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136,

1147–48 (2d Cir. 1983). "Fees of one-third in FLSA cases are routinely approved in this Circuit." *Manley v. Midan Rest. Inc.*, No. 14-CV-1693, 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (collecting cases); *see also Zorn-Hill*, 2020 WL 5578357, at *6 ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery." (collecting cases)). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10-CV-4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) (collecting cases); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 482 (S.D.N.Y. 2013) (finding that "the lodestar sought by Class Counsel, approximately 6.3 times, falls within the range granted by courts.").

The parties state that Plaintiff's counsel will receive $9,166.67 in attorneys' fees and $579.50 in costs. (Mot. 5; *see also* Settlement Agreement 3; Doc. 28-4 (Plaintiff's counsel's expenses).) This attorneys' fees award is one-third of Plaintiff's total recovery, which is typical in this Circuit. *See Manley*, 2017 WL 1155916, at *9 (collecting cases). The billing records submitted by Plaintiff's counsel, Mr. Maguire, indicate that he charges an hourly rate of $400 and spent 31.50 hours on this matter, which would have amounted to a total bill of $12,600. (Mot. 5; *see also* Doc. 28-3; Doc. 28-4.) This hourly rate falls within what courts in this District have found to be reasonable. *See, e.g.*, *Ochoa v. Prince Deli Grocery Corp.*, No. 18-CV-9417, 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District"); *Alexander v. DRG Hosp. Grp., Inc.*, No. 23-CV-11101, 2024 WL 4789401, at *3 (S.D.N.Y. Nov. 14, 2024) (approving $500 hourly rate for named partner in *Cheeks* review); *Redzepagic v. Hammer*, No. 14-CV-9808, 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May 8, 2017) (same). The 31.50 hours spent by Mr. Maguire on this matter is also reasonable. The proposed $9,166.67 fee thus represents a significant discount from the $12,600 sum associated with the lodestar calculation.

Given this, I find the requested attorneys' fees and costs under the Settlement Agreement to be fair and reasonable.

### III.   Conclusion

For the reasons stated above, I find that the proposed Settlement Agreement to be fair and reasonable.  Accordingly, the Motion is GRANTED, and the Settlement Agreement is APPROVED.

This action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a), and I shall retain jurisdiction solely for the purpose of enforcing the Settlement Agreement.  *See Barbecho v. Matrat LLC*, No. 15-CV-00170, 2021 WL 3862662, at *1 (S.D.N.Y. Aug. 30, 2021).

The Clerk of Court is respectfully directed to close this action.

SO ORDERED.

Dated:       June 18, 2026
             New York, New York

Vernon S. Broderick
United States District Judge

7